UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

Case No.  2:19-cv-05867-VAP-MRW     Date  September 6, 2019

Title  *Monique Mahoe v. Westlake Imports, Inc., et al*

Present: The Honorable  VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER (IN CHAMBERS) GRANTING PLAINTIFF'S MOTION TO REMAND

Plaintiff initially filed this action in Los Angeles Superior Court on December 18, 2018, alleging violations of state and federal law. (Doc. No. 4, Attach. 2.) Plaintiff subsequently filed a First Amended Complaint ("FAC") on June 21, 2019, removing reference to the Los Angeles Sheriff's Department as a defendant and naming Alex Villanueva ("Villanueva") in his individual capacity and as Sheriff of the County of Los Angeles. (Doc. No. 3, Attach. 1.) Villanueva removed the case to federal court on July 9, 2019 (Doc. No. 3), and Defendant County of Los Angeles (the "County") joined in the notice of removal on July 10, 2019 (Doc. No. 11). Although Defendant Westlake Imports ("Westlake") was properly served while this case was pending in state court, and, indeed, actively participated in litigation, the record does not show that Villanueva sought or received consent from Westlake to remove the action.

The federal removal statutes generally "authorize removal of 'any civil action' that could have been filed in federal court originally. Thus, a party cannot remove only certain claims, leaving other claims pending in state court." Phillips & Stevenson, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Editions § 2:2210 (2019) (quoting 28 U.S.C. §1441(a)). S*ee also Dillon v. State of Miss. Military Dep't*, 23 F.3d 915, 918 (5th Cir. 1994).

Additionally, under 28 U.S.C. § 1446, all proper defendants in a state action must join in the petition for removal. 28 U.S.C. § 1446(b)(2)(A); *Prize Frize, Inc. v. Matrix*

(U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) (superseded by statute on other grounds). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize* at 1266 (citing *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

It is unclear whether the removing Defendants intended to remove the entire action or merely those claims that do not directly involve Westlake. The notice of removal suggests Villanueva was seeking only to remove claims against which he was a defendant (*see* Doc. No. 3, ¶ 5.), but he and the County later moved to dismiss Westlake's cross-complaint (Doc. No. 35).

Whatever Villanueva's intentions, removal here is defective. Under 28 U.S.C. 1441(a) (with one exception not applicable here), a defendant must remove an entire action—not discrete claims within a suit. Thus, if Villanueva believes the claims against himself and the County constitute a distinct action susceptible to removal, he fails to understand clear and settled law.

As such, all defendants, including Westlake, needed to join in the notice of removal to make it effective, and Villanueva had the burden of explaining a lack of unanimity, *see Prize Frize* at 1266. Here, there is no indication that Westlake consented to removal, and Villanueva does not offer an explanation. The closest he comes is to note, "Defendant and Cross-Complainant Westlake Imports is not named in the Sixth and Seventh Claims [arising under § 1983], nor in the state tort claims against removing defendants." (Doc. No. 3, ¶ 5.) This attitude minimizes Westlake's interests and rights, suggesting incorrectly that the removing Defendants do not need Westlake's consent simply because they face different claims within the same action.

The Court therefore **GRANTS** Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of California, County of Los Angeles.

**IT IS SO ORDERED.**